UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| Jonathan Dante MIMS,<br><br>    Petitioner,<br><br>  v.<br><br>Gary SWARTHOUT,<br>Warden of California State Prison at Solano,[1]<br><br>    Respondent. | Case Number 3-12-cv-589-WHA-PR<br><br>NONCAPITAL HABEAS ACTION<br><br>ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS |

  Petitioner is a state prisoner proceeding pro se. He petitions for a writ of habeas corpus. Petitioner was convicted of, inter alia, carjacking. His sole claim is that his carjacking conviction is not supported by sufficient evidence.

  The California Penal Code provides in relevant part, "'Carjacking' is the felonious taking of a motor vehicle in the possession of another, from his or her person or *immediate presence* . . . against his or her will and with the intent to either permanently or temporarily deprive the person in possession of the motor vehicle of his or her possession, accomplished by means of force or fear." Cal. Penal Code § 215(a) (emphasis added).

  The relevant facts are not disputed: half a block down the street from his victim's car,

---

[1] Gary Swarthout is automatically substituted for his counterpart at Pelican Bay State Prison pursuant to Federal Rule of Civil Procedure 25(d). (*See* Doc. No. 5.)

1  Petitioner used a gun to take his victim's car keys from her, and then he took her car.  (Doc. No.
2  1 at 10–11); *People v. Mims*, No. A125155, 2010 WL 3231518, at *1–2 (Cal. Ct. App. Aug. 17,
3  2010).  Petitioner argues that half a block away is too far away to be his victim's "immediate
4  presence," as required by the statutory definition of carjacking.  However, in considering
5  Petitioner's claim on appeal, the California Court of Appeal correctly determined that half a
6  bock is not too far away to qualify as a carjacking victim's immediate presence.  *Id.*, at *3.  The
7  Supreme Court of the United States has "repeatedly held that a state court's interpretation of
8  state law, including one announced on direct appeal of the challenged conviction, binds a federal
9  court sitting in habeas corpus."  *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005).  Accordingly, the
10 undisputed evidence that Petitioner took his victim's car half a block away from where he took
11 his victim's car keys directly from her is sufficient to sustain Petitioner's conviction for taking
12 his victim's motor vehicle from her immediate presence.

\*          \*          \*

In accordance with the foregoing discussion, and good cause appearing therefor, the Court denies the Petition for Writ of Habeas Corpus and declines to issue a certificate of appealability.  The Clerk shall enter judgment in favor of Respondent and close the file.

*It is so ordered.*

DATED:  February 6, 2013

WILLIAM H. ALSUP
United States District Judge

2

Case No. 3-12-cv-589-WHA-PR
ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS
(DPSAGOK)